PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiffs
EDWARD FORBES and MATTHEW FORBES, minors,
by JENNIFER FORBES as their Guardian Ad Litem

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EDWARD FORBES and MATTHEW FORBES, minors, by JENNIFER FORBES as their Guardian Ad Litem,

Plaintiffs,

v.

VIVE SOL; HECTOR SOL AND HELENA SOL dba VIVE SOL; ESKANDER SARRAF; BRIGITTE W. SARRAF; and DOES 1-10, Inclusive,

Defendants.
_____/

CASE NO. C11-05336 PSG
Civil Rights

**CONSENT DECREE and [PROPOSED] ORDER REGARDING INJUNCTIVE RELIEF, DAMAGES and ATTORNEY FEES, LITIGATION EXPENSES AND COSTS**

1. Plaintiffs EDWARD FORBES and MATTHEW FORBES, minors, by JENNIFER FORBES as their Guardian Ad Litem, filed a Complaint in this action on November 16, 2011, to obtain recovery of damages for their discriminatory experiences, denial of access, and denial of their civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants VIVE SOL, HECTOR SOL AND HELENA SOL dba VIVE SOL, ESKANDER SARRAF, and BRIGITTE W. SARRAF (collectively "Defendants"), relating to the condition of Defendants' public

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG

-1- S:\CASES\V\VIVE SOL\PLEADINGS\Consent Decree\Consent Decree 12-10-12 Final with IR timing adjustment.wpd

accommodations as of July 10, 2011, and continuing. Plaintiffs have alleged that Defendants violated Title III of the ADA, sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and section 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to the facilities located at Vive Sol Restaurant, 2020 West El Camino Real, Mountain View, California.

2. Plaintiffs and Defendants (collectively "the Parties") hereby enter into this Consent Decree and Order for the purpose of resolving the injunctive relief, damages and attorneys fees aspects of this lawsuit without the need for protracted litigation.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages and attorney fees raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims for injunctive relief and damages.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG                          -2-

provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of all of Plaintiffs' claims against Defendants that have arisen out of the subject Complaint.

6. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards, unless other standards are specifically agreed to in this Consent Decree and Order.

a.) **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in the report of Plaintiffs' access consultant, Jonathan Adler, attached and incorporated herewith as **Attachment A**. Defendants agree to undertake all of the remedial work as set forth therein, except for those item numbers expressly waived by plaintiffs described in **Attachment B.**

b.) **Timing of Injunctive Relief:** Defendants will complete corrective work not requiring permits within 30 days of the entry of this Consent Decree and Order by the Court. Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 30 days of the entry of this Consent Decree by the Court. Defendants will commence permitted work within 20 days of receiving approval from the appropriate agency. Defendants will complete all work by March 31, 2013. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiffs' counsel in writing within

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG    -3- S:\CASES\V\VIVE SOL\PLEADINGS\Consent Decree\Consent Decree 12-10-12 Final with IR timing adjustment.wpd

five (5) days of discovering the delay. Plaintiffs will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within an additional fifteen (15) days, defendants have the right to seek relief from the Court. Plaintiffs have the right to oppose the request for relief from the terms of the Consent Decree.

c.) **Notification**: Defendants or their counsel will notify Plaintiffs' counsel when the corrective work is completed. The will provide a status report at the end of 90 days from the Parties' signing of this Consent Decree and Order, and every 90 days thereafter until all access is provided. If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiffs file a motion with the Court to obtain compliance with these terms, Plaintiffs reserve the right to seek additional attorney fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, such fees shall be set by the Court.

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

7. The Parties have reached an agreement as to plaintiffs' damages. Defendants shall pay to Plaintiffs the amount of $40,000, $25,000 to be paid in trust for Matthew Forbes (who suffered a fall), age 15, and $15,000 for Edward Forbes, age 16, subject to a minors' compromise approval by the Court, as full and final resolution of Plaintiffs' claims for all civil rights, statutory, actual, and personal injury damages, including, but not limited to, general, compensatory, and special damages. Payment shall be made by one check made payable to "Paul L. Rein in Trust for EDWARD FORBES and MATTHEW FORBES, minors, by JENNIFER FORBES as

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG                               -4-

their Guardian Ad Litem" Payment shall be received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612, no later than December 28, 2012.

8. Defendants shall also pay and deliver a total of $60,000 for Plaintiffs' attorney fees, litigation expenses, and costs, including expert consultant fees of $9,465, with payment to be made to "PAUL L. REIN," and received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612, no later than December 28, 2012. Plaintiffs' may distribute the above funds immediately upon the Court's approval of the Minors' Compromise Motion filed concurrently with this Consent Decree.

**ENTIRE CONSENT DECREE AND ORDER:**

9. This Consent Decree and Order and **Attachment A** and **Attachment B** constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10. This Consent Decree and Order shall be binding on Plaintiffs, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

//
//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG                -5-

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

11. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

   > **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

   This waiver applies to all aspects of this action, including injunctive relief, damages, and attorney fees, litigation expenses, and costs.

12. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG
-6- S:\CASES\V\VIVE SOL\PLEADINGS\Consent Decree\Consent Decree 12-10-12 Final with IR timing adjustment.wpd

officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit. Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this Lawsuit and settlement thereof.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG     -7- F:\CASES\V\VIVE SOL\PLEADINGS\Consent Decree\Consent Decree 12-10-12 Final with IR timing adjustment.wpd

have the same force and effect as an original signature.

Dated: December 21, 2012

PLAINTIFFS EDWARD FORBES and MATTHEW FORBES, minors, by JENNIFER FORBES as their Guardian Ad Litem

*[signature: Jennifer Forbes]*

By JENNIFER FORBES as Guardian Ad Litem for EDWARD FORBES and MATTHEW FORBES, minors

Dated: December ___, 2012

DEFENDANT VIVE SOL

By: _____

Print name: _____

Title: _____

Dated: December ___, 2012

DEFENDANT HECTOR SOL dba VIVE SOL

_____

Dated: December ___, 2012

DEFENDANT HELENA SOL dba VIVE SOL

_____

Dated: December ___, 2012

DEFENDANT ESKANDER SARRAF

_____

Dated: December ___, 2012

DEFENDANT BRIGITTE W. SARRAF

_____

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05536 PSG

-8-

have the same force and effect as an original signature.

Dated: December ___, 2012        PLAINTIFFS EDWARD FORBES and
                                 MATTHEW FORBES, minors,
                                 by JENNIFER FORBES as their Guardian
                                 Ad Litem


                                 By JENNIFER FORBES as Guardian Ad
                                 Litem for EDWARD FORBES and
                                 MATTHEW FORBES, minors

Dated: December 21, 2012         DEFENDANT VIVE SOL

                                 By: _____/s/ Helena Sol_____
                                 Print name:  HELENA SOL
                                 Title:  OWNER


Dated: December 21, 2012         DEFENDANT HECTOR SOL dba
                                 VIVE SOL

                                 _____/s/_____


Dated: December 21, 2012         DEFENDANT HELENA SOL dba
                                 VIVE SOL

                                 _____/s/ Helena Sol_____


Dated: December ___, 2012        DEFENDANT ESKANDER SARRAF

                                 _____


Dated: December ___, 2012        DEFENDANT BRIGITTE W. SARRAF

                                 _____

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG                    -8-                    S:\CASES\V\VIVE SOL\PLEADINGS\Consent Decree\Consent Decree 12-4-12 Final.wpd

1  have the same force and effect as an original signature.

2

3  Dated: December ___, 2012        PLAINTIFFS EDWARD FORBES and
                                    MATTHEW FORBES, minors,
4                                   by JENNIFER FORBES as their Guardian
                                    Ad Litem
5

6
                                    By JENNIFER FORBES as Guardian Ad
7                                   Litem for EDWARD FORBES and
                                    MATTHEW FORBES, minors
8

9  Dated: December ___, 2012        DEFENDANT VIVE SOL

10                        By: _____

11                        Print name: _____

12                        Title: _____

13

14  Dated: December ___, 2012       DEFENDANT HECTOR SOL dba
                                    VIVE SOL
15

16                                  _____

17

18  Dated: December ___, 2012       DEFENDANT HELENA SOL dba
                                    VIVE SOL
19

20                                  _____

21

22  Dated: December _28_, 2012      DEFENDANT ESKANDER SARRAF

23                                  /s/ Eskander Sarraf

24

25

26  Dated: December _13_, 2012      DEFENDANT BRIGITTE W. SARRAF

27                                  /s/ Brigitte W. Sarraf

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG                              -8-

1 | APPROVED AS TO FORM:

2 | Dated: December 31, 2012           LAW OFFICES OF PAUL L. REIN

3

4

                                       By: PAUL L. REIN, Esq.
5                                      Attorney for Plaintiffs
                                       EDWARD FORBES and MATTHEW
6                                      FORBES, minors by JENNIFER FORBES
                                       as their Guardian Ad Litem
7

8

9 | Dated: December 14, 2012           STRATMAN, PATTERSON & HUNTER

10 | With exception to part of paragraph 7 (line 27, page 4): payment might be made with more that one check. JH

11

                                       By: JOHN HOURIHAN, Esq.
12                                     Attorney for Defendants
                                       VIVE SOL; HECTOR SOL AND
13                                     HELENA SOL dba VIVE SOL

14

15 | Dated: December ___, 2012         LAW OFFICES OF JASON T. BAKER

16

17

                                       By: JASON T. BAKER, Esq.
18                                     Attorney for Defendants
                                       ESKANDER SARRAF AND BRIGITTE
19                                     W. SARRAF

20

21 | //

22 | //

23 | //

24 | //

25 | //

26 | //

27 | //

28 | //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05536 PSG                    -9-

1  APPROVED AS TO FORM:

2  Dated: December ___, 2012          LAW OFFICES OF PAUL L. REIN

3

4

5  By: PAUL L. REIN, Esq.
   Attorney for Plaintiffs
   EDWARD FORBES and MATTHEW
6  FORBES, minors by JENNIFER FORBES
   as their Guardian Ad Litem

7

8

9  Dated: December ___, 2012          STRATMAN, PATTERSON & HUNTER

10

11

12 By: JOHN HOURIHAN, Esq.
   Attorney for Defendants
   VIVE SOL; HECTOR SOL AND
13 HELENA SOL dba VIVE SOL

14

15 Dated: December 13, 2012           LAW OFFICES OF JASON T. BAKER

16

17 By: JASON T. BAKER, Esq.
   Attorney for Defendants
18 ESKANDER SARRAF AND BRIGITTE
   W. SARRAF

19

20

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG                       -9-

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: ~~December ____, 2012~~ January 14, 2013

*(signature)*
PAUL SINGH GREWAL
United States Magistrate Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. C11-05336 PSG

-10-